# IN RE LANE, Petitioner.

## ORIGINAL.

No. 12. Original. Argued April 15, 1890. —Decided April 28, 1890.

This court can issue a writ of *habeas corpus* in the exercise of its original jurisdiction only when the inferior court has acted without jurisdiction, or when it has exceeded its powers to the prejudice of the party seeking relief.

At the time when the indictment in this case was found Oklahoma was not a territory with an organized system of government, in the sense in which the word " territories " is used in the act of February 9, 1889, 25 Stat. 658, § 120.

An indictment was so framed as to permit it to be construed as charging the common law offence of rape, (as it alleged the carnal knowledge to have been without the consent of the woman,) or the statutory offence, (Act of Feb. 9, 1889, 25 Stat. 658, c. 120) of carnally and unlawfully knowing a female under sixteen years of age, (as it alleged that the woman was under sixteen years of age). It was not signed by the District Attorney of the United States. No motion was made to compel the prosecuting attorney to elect on which charge he would try the prisoner. The court instructed the jury that the allegations respecting the will of the woman might be rejected as surplusage, and the rest of the indictment be good under the statute. The jury found the prisoner guilty of the statutory offence, and judgment was entered accordingly ; *Held*,

(1) That there was no error in the ruling of the court;

(2) That this conviction could be set up against a pending indictment for the same offence, charged to have been committed in violation of the statute;

(3) That the signature of the District Attorney to the indictment was not necessary;

(4) That it was immaterial whether there was or was not error in any of these matters, as none went to the jurisdiction.

THIS was a petition for a writ of *habeas corpus.* The case is stated in the opinion.

*Mr. H. J. May* for the petitioner. *Mr. William M. Randolph* and *Mr. A. H. Garland* were with him on the brief.

*Mr. Solicitor General* opposing.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a petition by Charles Mason Lane, addressed to the original jurisdiction of this court, for a writ of *habeas corpus.* Upon the filing of the petition a rule was issued upon Charles H. Case, warden of the penitentiary of the State of Kansas, who, it was alleged, held the petitioner in unlawful imprisonment. Case made a return to this rule, in which he said that the prisoner was held under a *mittimus* issued from the office of the clerk of the District Court of the United States in and for the District of Kansas, and accompanying the return was a certified copy of the proceedings in that court under which Lane was held. From this it appears that the following indictment was found in that court at its September term, 1889:

"The United States of America, District of Kansas, *ss:*
"In the District Court of the said United States in and for the said district, September term, 1889.

"The United States of America
*vs.*                                       } Indictment for rape.
"Charles Lane whose more full christian name is unknown.

"At the term of the District Court of the United States of America in and for the said District of Kansas, begun and held

at Wichita, in said district, on the 2d day September, in the year of our Lord one thousand eight hundred and eighty-nine, the grand jurors of the United States of America duly empanelled and sworn and charged to inquire of offences committed within that part of the said district lying north of the Canadian River and east of Texas and the one hundredth meridian, not set apart and occupied by the Cherokee, Creek, and Seminole Indian tribes, upon their oaths do find and present that Charles Lane, whose more full christian name is to the grand jurors aforesaid unknown, late of that part of the public domain acquired by the United States of America by the act of Congress approved March 2, 1889, commonly known as Oklahoma and being a part of the district of Kansas aforesaid, on or about the 4th day of July, in the year of our Lord one thousand eight hundred and eighty-nine, at that part of the district of Kansas aforesaid, the same being a place and district of country under the exclusive jurisdiction of the United States and within the exclusive jurisdiction of this court, with force of arms in and upon one Frances M. Skeed, a female under the age of sixteen years, then and there being, violently and feloniously did make an assault, and her, the said Frances M. Skeed, then and there, forcibly and against her will, feloniously did ravish and carnally know, against the peace and dignity of the United States of America, and contrary to the form of the statute in such cases made and provided.

"E. HAGAN, *Ass't U. S. Att'y.*

"[Endorsed:] No. —; The United States *v.* Charles Lane; rape, sec. 5345; J. Hoopes, foreman; a true bill, J. Hoopes, foreman; witnesses, Wm. H. Skeed (Oklahoma City, I. T.), Frances M. Skeed, Dr. I. W. Benipe, N. T. Ross, Rosa Skeed, Dr. H. C. Hunter (Dodd City, Texas); filed September 6, 1889; J. C. Wilson, clerk."

Under the plea of not guilty, a trial was had on this indictment, in which the jury rendered the following verdict: "We, the jury in the above-entitled cause duly empanelled and sworn,

upon our oaths find the defendant guilty of carnal and unlawful knowledge of Frances M. Skeed, a female under the age of sixteen years, as charged in the indictment." A motion for a new trial and in arrest of judgment was made, heard and overruled, and the following sentence pronounced by the court: "Thereupon it is now by the court here considered, ordered and adjudged that said defendant be imprisoned in the Kansas penitentiary for the period of five years. It is further ordered that the marshal deliver, or cause to be delivered, the body of said Charles Lane to the warden of said penitentiary within ten days from this date."

Some kind of certificate appears to have been made after this to transfer the case to the Circuit Court of the United States, where it came before Brewer, Circuit Judge, who delivered an opinion in it concurring informally with the judgment of the District Court, which is found as an appendix to the brief of the counsel for the government.

The counsel for petitioner has argued the case before us as if every error that may possibly be found in the ruling of the District Court in the progress of the case was a sufficient ground to release the prisoner on this writ of *habeas corpus.* It has been often reiterated in this court that the writ of *habeas corpus* cannot be converted into a writ of error, and that this court, when asked to issue a writ of *habeas corpus* as of its original jurisdiction, can do so only when the inferior court has acted without jurisdiction, or has exceeded its powers to the prejudice of the party seeking relief.

There is really but one question out of the several grounds of relief sought in this case that is a proper subject for this court. By the act of Congress approved February 9, 1889, c. 120, 25 Stat. 658, under which defendant is indicted and convicted, it is provided: "That every person who shall carnally and unlawfully know any female under the age of sixteen years, or who shall be accessory to such carnal and unlawful knowledge before the fact, in the District of Columbia or other place, *except the territories,* over which the United States has exclusive jurisdiction; or on any vessel within the admiralty or maritime jurisdiction of the United States, and out of the

jurisdiction of any State or Territory, shall be guilty of a felony, and when convicted thereof shall be punished by imprisonment at hard labor, for the first offence for not more than fifteen years, and for each subsequent offence not more than thirty years."

The offence with which the petitioner is here charged is alleged in the indictment to have been committed within that part of the Indian Territory commonly known as Oklahoma, and it is alleged in the indictment that this is a district of country under the exclusive jurisdiction of the United States and within the jurisdiction of the District Court of Kansas. The counsel for prisoner contend that this is a territory within the exception of the act of Congress of 1889; that therefore this act does not apply to the case; and that, there being no other act of Congress punishing a party for carnal and unlawful knowledge of a female under the age of sixteen years, the court was without jurisdiction to try or to sentence the prisoner. But we think the words "except the territories" have reference exclusively to that system of organized government long existing within the United States, by which certain regions of the country have been erected into civil governments. These governments have an executive, a legislative and a judicial system. They have the powers which all these departments of government have exercised, which are conferred upon them by act of Congress, and their legislative acts are subject to the disapproval of the Congress of the United States. They are not in any sense independent governments; they have no Senators in Congress and no representatives in the lower house of that body, except what are called delegates, with limited functions. Yet they exercise nearly all the powers of government, under what are generally called organic acts passed by Congress conferring such powers on them. It is this class of governments, long known by the name of Territories, that the act of Congress excepts from the operation of this statute, while it extends it to all other places over which the United States have exclusive jurisdiction.

Oklahoma was not of this class of Territories. It had no legislative body. It had no government. It had no estab-

lished or organized system of government for the control of the people within its limits, as the Territories of the United States have and have always had. We are therefore of opinion that the objection taken on this point by the counsel for prisoner is unsound.

It is next objected that the indictment is bad, inasmuch as it contains the double charge of a rape at common law and of the statutory offence under the act of February 9, 1889 ; and it is quite obvious that both these offences can be made out from the language of the indictment, which is in a single count. The allegation that the offence was by violence and against the will of the woman, with the other allegations in the indictment, describe the offence of rape. The allegation that the defendant had carnal knowledge of a female under sixteen years of age makes out the offence under the statute of 1889. But the view of the court was, that the allegation that the carnal knowledge was against the will of the woman may be rejected as surplusage, and the rest of the indictment be good under the statute referred to. And, as the court instructed the jury in accordance with that view of the subject, and as the jury found the prisoner guilty not of the crime of rape but of the smaller crime of carnal knowledge of a female under sixteen years of age, the action of the court on that subject was probably correct. At all events, the court had jurisdiction of the prisoner, and it had jurisdiction both of the offence of rape and of carnal knowledge of a female under sixteen years of age. It was its duty to decide whether there was a sufficient indictment to subject the party to trial for either or for both of these offences. As no motion was made to compel the prosecuting attorney to elect on which of the charges he would try the prisoner, we think that there was no error in its rulings on this subject. If there were, it was not an error which went to the jurisdiction of the court to try and sentence the prisoner.

It is urged that there is an indictment now pending against the prisoner for the same offence, charged only as carnal knowledge of a female under sixteen years of age, and that the present indictment is so ambiguous that the trial and conviction

under it would be no bar to the proceeding under the second indictment. We do not think the proposition is a sound one, as the prisoner was clearly convicted of the same offence which is charged in the second indictment.

An objection is made to the indictment that it was not signed by the district attorney of the United States; but, as the indictment was found by the grand jury, and endorsed as a true bill by the foreman, and filed in open court according to law, we do not see that there is any error on that subject, certainly none which goes to the jurisdiction of the court. See *Commonwealth* v. *Stone*, 105 Mass. 469.

It is said that the indictment was fatally defective because it did not sufficiently apprise the prisoner of the nature of the offence for which he was to be tried. But he was tried and convicted for carnally and unlawfully knowing a female under the age of sixteen years. This was succinctly and clearly set out in the indictment as the charge, or one of the charges, against him, which he must have known he was to meet, and we do not think the objection has any merit.

There may be other objections made by counsel, to the proceedings under which the prisoner was convicted, but none of them rise to the dignity of questioning the jurisdiction of the court. The rule upon the warden of the penitentiary is, therefore, discharged and a writ of *habeas corpus*

*Denied.*