**UNITED STATES of America ex rel. Peter PARIS, III**

v.

**Joseph R. BRIERLEY, Warden of the Western Pennsylvania Diagnostic Institution at Woods Run, Allegheny County, Pennsylvania, a/k/a Western Pennsylvania State Prison.**

**Civ. A. No. 70-772.**

United States District Court,
W. D. Pennsylvania.

Aug. 4, 1970.

Allen N. Brunwasser, Pittsburgh, Pa., for relator.

Joseph Martin Gelman, Sp. Asst. Atty. Gen., Pittsburgh, Pa., for respondent.

## OPINION

GOURLEY, Senior District Judge:

This is a Petition for Writ of Habeas Corpus filed by counsel on behalf of relator, an inmate of a State penal institution located within this District. Relator was tried before a jury at No. 229 Q.S., September Sessions, 1967 in the Court of Common Pleas of Washington County, Pennsylvania, upon an indictment charging him with forcible rape and the "statutory" rape of a minor under the Act of June 24, 1939, P.L. 872, § 721, as amended, 18 P.S. § 4721 (1970). The jury rendered a verdict of guilty of statutory rape. A Motion for New Trial and in Arrest of Judgment and a Motion to Strike Conviction subsequently were filed, raising the same issues which are now presented herein. After hearing upon oral argument, the Motions were denied. Subsequently, judgment of sentence of two and one-half to six years imprisonment was imposed.

An appeal was taken to the Superior Court of Pennsylvania at No. 25, April Term, 1969 and said Court affirmed the lower court in a per curiam opinion. Commonwealth v. Paris, 216 Pa.Super. 803, 264 A.2d 170 (1970). A Petition for the Allowance of an Appeal was denied by the Supreme Court of Pennsylvania at No. 3257A Misc. Relator then filed the instant Petition for Writ of Habeas Corpus in this Court.

State remedies have been exhausted. By Order dated July 7, 1970, this member of the Court called for the entire State records of relator's criminal proceedings. Upon review of the Petition and the State records, the Court is of the opinion that an evidentiary hearing is not warranted and that relief should be denied.

Briefly, the circumstances of the crime were these. On the night of June 14, 1967, the prosecutrix, a fifteen year old girl, was staying with her aunt in Houston, Pennsylvania. While making a visit to a drugstore in the evening, she was invited to a "party" by two boys. She was taken in their automobile to an area in the vicinity of a slag dump where a large number of other boys subsequently arrived, including the relator and two companions who had been drinking at a bar and were told of the "party" out in the country while leaving. After some beer drinking by the persons present, the prosecutrix was prevailed upon by four or five individuals, four of whom were later criminally charged, to engage in intercourse in the front seat of

an automobile driven to the party by one of the boys present. Two of the four also committed acts of sodomy upon her. The prosecutrix extracted herself from this confrontation by leaving the party alone and walking to a highway where she received the assistance of a passer-by. Medical testimony established that the prosecutrix had theretofore been a virgin and that she suffered contusions and other physical abuse during the confrontation.

Relator was tried singly before a jury. Subsequently, three other participants were tried together. Although there was conflicting evidence as to whether relator's intercourse with the prosecutrix had been forcible or otherwise, the jury convicted relator only of statutory rape. Relator raises herein seven issues challenging the validity of the conviction.

It is first contended that the representation of relator and two others by the same counsel presented a conflict of interest which deprived relator of his right to a free and unfettered representation under the Sixth Amendment to the Constitution. At the preliminary hearing, relator and one Marion Serafin were represented by Michael E. Kusturiss, Esquire and one Michael Evans was represented by John F. Bell, Esquire. Both Kusturiss and Bell entered appearances for relator before trial. Kusturiss represented relator at trial. When the trial of Serafin, Evans and the fourth accused came on for hearing, Bell represented Serafin and Sanford S. Finder, Esquire represented Michael Evans. Thus, in fact, separate privately retained attorneys represented each of the defendants at the times of the trials.

■ Moreover, mere common representation of co-defendants is not in itself constitutionally infirm. Watkins v. Wilson, 408 F.2d 351 (9th Cir. 1969). Unless an actual conflict is shown to exist or reasonably can be foreseen, an attorney may in good faith represent several defendants. Kruchten v. Eyman, 406 F.2d 304, 311 (9th Cir. 1969). Also, a conflict of interest cannot be created

out of mere conjecture as to what might have been shown. Lugo v. United States, 350 F.2d 858, 859 (9th Cir. 1965). Here plaintiff has not alleged nor does the record evidence any actual conflict of interest between relator and defendant Serafin. Defendant Serafin did not testify at his trial nor did he testify at the trial of relator. Relator testified at his own trial, but in no way did he implicate defendant Serafin. He did not testify at Serafin's trial.

While relator contends that, as a practical matter, neither relator nor Serafin could testify as witnesses for each other because they would thereby lose the privilege against self-incrimination, this would not be the result of common representation by a single counsel. Had it been the case that relator was not involved in the act charged and wished to testify to the effect that the prosecutrix had wrongly identified relator rather than Serafin as the offender, a conflict could have arisen out of dual representation. But there is no allegation that relator desired to make such a defense. In fact, he testified that he attempted intercourse but failed for lack of ability to obtain an erection.

It does not appear that there was, in fact, dual representation by counsel, and in any event, it is concluded that no actual conflict of interest to the prejudice of relator has been alleged or appears in the record.

■ It is contended that the trial of the relator before the same jury upon counts of both statutory and forcible rape compelled relator to implicate himself in the crime of statutory rape by proving the consent of the victim necessary to defeat the charge of forcible rape, thus depriving him of his Fifth Amendment privilege against self-incrimination. The case of Maxwell v. Bishop, 398 U.S. 262, 90 S.Ct. 1578, 26 L.Ed.2d 221 (1970), pending in the Supreme Court of the United States, does not, as suggested by relator, present this issue. Rather, as noted by the trial judge in his Opinion denying post-trial motions, the case of In re Lane, 135 U.S.

443, 10 S.Ct. 760, 34 L.Ed. 219 (1890) finds no infirmity in an indictment charging a defendant with both forcible and statutory rape.

■ Relator contends that the trial judge prejudiced relator by making the statement that relator's constitutional rights "give him a very considerable advantage here." Read in the context of the explanation of relator's constitutional rights which followed, the comment was not constitutional error. Relator took the stand in his own behalf. The comment of the judge was not akin to an adverse commentary on the failure of a defendant to do so, as was the case in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), cited by relator.

■■ It is contended that the trial judge erred in instructing the jury that if they found relator was an active participant in a crime of forcible rape, he would be guilty of the offense although he did not himself engage in intercourse. It is established substantive law that one aiding and abetting in a rape is guilty of the offense. Commonwealth v. Reilly, 200 Pa.Super. 461, 464, 190 A.2d 164 (1963). Although the indictment charged relator with direct carnal knowledge of the prosecutrix, it afforded sufficient notice to relator of the possibility of conviction upon proof that he aided and abetted in a rape. The contention is without merit.

The indictment against relator contained two counts. The first charged relator with carnal knowledge of a child under the age of sixteen "without her consent." The second charged forcible rape. Relator contends that the indictment as originally drawn failed to provide him with sufficient notice of his being charged with statutory rape under 18 P.S. § 4721(b),[1] which describes the offense of statutory rape as carnal knowledge of a child under the age of sixteen "with her consent."

As originally drawn, the indictment merely burdened the Commonwealth with the proof of a fact unnecessary to establish statutory rape, i. e. that the victim resisted. The language was surplusage. However, relator plainly had ample notice of a charge of statutory rape by virtue of the two count indictment which unmistakably charged him with forcible rape, a codified common law offense regardless of the age of the victim, and, statutory rape, an offense dependent upon the youth of the victim. The surplusage in the latter count was not misleading.

■■ The Commonwealth moved at the outset of the trial to strike the words "without her consent" from the indictment, leaving it so as to charge relator simply with carnal knowledge of a child under the age of sixteen. Relator asserts that no offense was thereby stated because the offense of statutory rape as defined in 18 P.S. § 4721(b) is defined as carnal knowledge of a child under sixteen "with her consent." The Court must agree with the trial judge's opinion that the Pennsylvania legislature did not intend to define as offenses only the forcible carnal knowledge of a female and the consensual carnal knowledge of a child under sixteen while leaving unprohibited the non-consensual but

---

1. Section 721 of the Act of June 24, 1930, P.L. 872, as amended, 18 P.S. § 4721 (1970)

"(b) Whoever, being of the age of sixteen (16) years and upwards, unlawfully and carnally knows and abuses any woman child under the age of sixteen (16) years with her consent, is guilty of statutory rape, a felony, and on conviction, shall be sentenced to pay a fine not exceeding seven thousand dollars ($7,000), or undergo imprisonment, by separate or solitary confinement at labor, or by simple imprisonment, not exceeding fifteen (15) years or both.

"Upon the trial of any defendant charged with the unlawful carnal knowledge and abuse of a woman child under the age of sixteen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall be acquitted of rape, and be convicted of fornication."

unresisted carnal knowledge of a child under age. It is self-evident that the act of carnal knowledge of a child under age without her consent is more to be condemned than if with her consent. It is therefore concluded that 18 P.S. § 4721(b) contemplates as an offense the non-consensual but unresisted carnal knowledge of a child under sixteen and that the amended indictment stated an offense under that provision.

■ Next, relator asserts that it was error for the trial judge to permit the admission of evidence of an act of sodomy committed upon the prosecutrix by relator contemporaneously with his having intercourse with her. Relator was not charged with sodomy in the indictment. The evidentiary rule governing this situation is set forth in Commonwealth v. Kline, 361 Pa. 434 (1949) at 438, 65 A.2d 348 at 349:

> "It is an established principle in criminal procedure that proof of the commission of another crime cannot be put in evidence as a proof of the commission of the crime charged, unless there is such connection between them as to give the fact of the commission of the other crime probative value on the issue of the defendant's guilt of the crime charged. Henry's Pennsylvania Trial Evidence, Third Edition, Section 30, pages [48 and] 49, says it is 'a fundamental principle that a prisoner shall not be required to answer for the commission of an offense that is not specially charged against him in the indictment. *But if criminal conduct proposed to be proved forms in any way a link in a chain of circumstances which connects the defendant with the crime charged, it is admissible. In such case, in order that one act may be evidence of another, there must be some connection between them which may be traced in a general design, purpose or plan of the person doing the act, or which may be shown by such circumstances as necessarily tend to establish that the person who committed one act must have been guilty of the other.*

> \* \* \* If facts offered to be proved bear on the offense charged and tend to prove a fact in issue \* \* \* such proofs are admissible even though they incidentally tend to prove the commission of another offense.' " (Emphasis supplied.)

It is eminently clear that the act of sodomy, committed by relator upon the prosecutrix at the same time and place as he engaged in intercourse with her, constituted a part of the very same transaction by virtue of which he was charged with rape. The act of sodomy was a link in the chain of circumstances surrounding the crime for which he was charged. It was a similar sexual assault upon the same person. The commission of the act of sodomy by the relator necessarily tended to establish his commission of the act of rape and his singular purpose and intent to assault the prosecutrix sexually. The evidence was properly admitted.

■ Relator asserts as constitutional error the failure of the trial judge to disqualify himself upon the eve of trial for having conducted an ex parte discussion with the prosecutors in the case prior thereto. It is apparent from the discussion on the record subsequent to the Motion that the District Attorney and Assistant District Attorney had occasion to discuss with the trial judge, out of the presence of counsel, only the question of whether certain pretrial motions had already been granted or would be decided when the trial commenced. This matter was only procedural. The discussion did not concern either the merits of the case or trial tactics. The mere existence of a single ex parte communication between the trial judge and the prosecuting attorneys in the case relative to a matter only of procedure does not give rise to an inference of any bias meriting disqualification.

■ Lastly, it is contended that placing the burden of establishing the bad repute of the prosecutrix upon the defendant creates a conclusive presumption in favor of the Commonwealth to the effect that the prosecutrix is of good

repute. 18 P.S. § 4721 provides in relevant part as follows:

"(b) Upon the trial of any defendant charged with the unlawful carnal knowledge and abuse of a woman child under the age of sixteen (16) years, if the jury shall find that such woman child was not of good repute, and that the carnal knowledge was with her consent, the defendant shall be acquitted of rape, and be convicted of fornication."

As construed by the Supreme Court of Pennsylvania, the Statute does not require the Commonwealth to prove the good reputation of the victim to establish a prima facie case of statutory rape. Commonwealth v. Allen, 135 Pa. 483, 19 A. 957 (1890). Rather, under the Statute, proof of bad reputation may be offered in conjunction with evidence of consent to establish a valid defense to the charge. Commonwealth v. Allen, *supra*. Although it is set forth in Commonwealth v. Allen, *supra*, at 492, 19 A. 957, that the good reputation of the victim is to be presumed, it is clear that the presumption is not conclusive but rather is rebuttable by evidence proffered by the defendant.

■ No constitutional infirmity is seen in the creation of a rebuttable presumption of the good reputation of the prosecutrix. No presumption is created in favor of the Commonwealth with respect to any of the elements of the offense of statutory rape, all of which must, of course, be proven by the Commonwealth beyond a reasonable doubt and without the aid of a presumption which would be contrary to the presumption of the innocence of the accused. The presumption here is relevant only to the statutorily recognized defense to the charge of statutory rape and does no more than place upon the defendant the burden of proving his defense.

■ With respect to the weight to be given to a State adjudication upon an application for writ of habeas corpus by a State prisoner, the Court of Appeals for the Third Judicial Circuit has recently stated in the case of United States ex rel. Dickerson v. Rundle, 430 F.2d 462, decided July 21, 1970:

"Section 2254(d) of Title 28 provides that in federal habeas corpus applications, state adjudications 'shall be presumed to be correct.' It is only where 'such factual determination is not fairly supported by the record' that a federal court is authorized to reject the state findings."

The Court has reviewed the State records and finds that the factual determinations made by the trial judge in denying the Motion for New Trial and in Arrest of Judgment are fairly supported by the record. The Court also is in accordance with the trial judge's application of the law to the facts so found.

Viewed in the light of the State records provided herein, the allegations of the Petition are without merit and relief will be denied.

### ORDER

Now, this 4th day of August 1970, it is hereby ordered that the Petition for Writ of Habeas Corpus be and the same is hereby denied.