**UNITED STATES of America, Appellee,**

v.

**Terrance BEAR RIBS, Sr., Appellant.**

No. 77–1350.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 30, 1977.

Decided Sept. 19, 1977.

Certiorari Denied Nov. 28, 1977.
See 98 S.Ct. 531.

Bruce Cutler, Aberdeen, S. D., for appellant.

Robert D. Hiaring, Asst. U. S. Atty., Sioux Falls, S. D., (argued), David V. Vrooman, U. S. Atty., and Mark Falk, Legal Intern., on brief, for appellee.

Before GIBSON, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

Terrance Bear Ribs, Sr., appeals from his conviction of rape in violation of 18 U.S.C. §§ 1153, 2031, and of carnal knowledge of a female under the age of sixteen in violation of 18 U.S.C. §§ 1153, 2032. We affirm.

■ Bear Ribs contends that the trial court should have instructed the jury that assault is a lesser included offense of the crime of carnal knowledge.[1] In order for one crime to be a lesser included offense of another, the greater offense must require proof of every element necessary to show commission of the lesser, as well as proof of one or more additional elements. *See Jeffers v. United States*, —— U.S. ——, 97 S.Ct. 2207, 2213, 53 L.Ed.2d 168 (1977) (plurality opinion); *Brown v. Ohio*, —— U.S. ——, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977); *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974).

■ Conviction under § 2032 requires a showing that the defendant carnally knew a female, not his wife, who at the time of the act was under sixteen years of age. No showing that the defendant used or threatened the use of force or violence is required. *See Williams v. United States*, 327 U.S. 711, 715–717, 66 S.Ct. 778, 90 L.Ed. 962 (1946), and *In Re Lane*, 135 U.S. 443, 448, 10 S.Ct. 760, 34 L.Ed. 219 (1890) (construing predecessors of the current statute).[2] The common law offense of simple assault, on the other hand, requires the showing of an offer or attempt by force or violence to do a corporal injury to another.[3] *See United States v. Dupree*, 544 F.2d 1050, 1051–1052 (9th Cir. 1976); *United States v. Bell*, 505 F.2d 539, 540 (7th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1357, 43 L.Ed.2d 442 (1975); *United States v. Rizzo*, 409 F.2d 400, 402–403 (7th Cir.), *cert. denied*, 396 U.S. 911, 90 S.Ct. 226, 24 L.Ed.2d 187 (1969); *Anderson v. Crawford*, 265 F. 504, 507 (8th Cir. 1920). Since the crime of assault requires the use or threat of the use of force or violence, while the crime of carnal knowledge under § 2032 does not, the former cannot be a lesser included offense of

1. The jury was instructed that assault with intent to commit rape and simple assault are lesser included offenses of the crime of rape.

2. A predecessor of § 2032 has been referred to as the federal equivalent of the common state crime of "statutory rape." *See Williams v. United States*, 327 U.S. 711, 717, 66 S.Ct. 778, 90 L.Ed. 962 (1946). Carnal knowledge was added to the crimes enumerated in § 1153 in order to expand federal jurisdiction over crimes committed by Indians in Indian country beyond the crime of rape as known at common law. *See* Pub.L. No. 89–707, § 1, 80 Stat. 1100 (1966); S.Rep.No.1770, 89th Cong., 2d Sess., *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 3653, 3655. This interpretation of

§ 2032 was reflected in the trial court's charge to the jury, which stated:

> [T]he crime of carnal knowledge * * * is an act of sexual intercourse with a female person who is under the age of sixteen years and who is not the wife of the perpetrator.
> Such a female is incapable of consenting to an act of sexual intercourse as a matter of law. Therefore, in a prosecution for carnal knowledge, it is no defense that she may have consented to the act of intercourse.

No objection to this instruction was made.

3. The trial court's definition of assault was substantially the same. No objection to this definition was made.

the latter. The requested instruction was properly denied.

Bear Ribs also contends that the jury should have been instructed to view the testimony of the complainants with caution.[4] He argues that this is particularly true in view of the inflammatory nature of these charges, both complainants having been fourteen years old at the time of the commission of the crimes.

 The form of credibility instructions is within the discretion of the trial court. *Clark v. United States*, 391 F.2d 57, 60 (8th Cir.), *cert. denied*, 393 U.S. 873, 89 S.Ct. 165, 21 L.Ed.2d 143 (1968). The trial court instructed the jury that the credibility of each witness must be assessed in light of that witness' intelligence, motive, state of mind and demeanor while on the stand. The jury was also instructed that the age of the complainants should be taken into consideration in determining their credibility. These instructions, read carefully and as a whole, adequately informed the jury of the factors to be taken into account in assessing the complainants' testimony. *See United States v. Nance*, 502 F.2d 615, 619–620 (8th Cir. 1974), *cert. denied*, 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975); *Clark v. United States, supra* at 60; *Campbell v. United States*, 85 U.S.App.D.C. 133, 134, 176 F.2d 45, 46 (1949). Both complainants were cross-examined at length; and although there was no direct corroboration of their story, there was circumstantial corroboration. *See United States v. Riddick*, 519 F.2d 645, 647–648 (8th Cir. 1975), *cert. denied*, 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976); *United States v. Spoonhunter*,

476 F.2d 1050, 1056 (10th Cir. 1973). We find no prejudicial error here.

 Finally, Bear Ribs contends that the trial court committed plain error in its examination of several witnesses, and that § 2031 is unconstitutionally vague. We have reviewed these contentions and find them to be without merit.

---

4. The requested instruction, which appears in 2 South Dakota Pattern Jury Instructions 3–7–440(e) (1968), was as follows:

A charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and once made, is difficult to disprove even if the defendant is innocent. From the nature of a case such as this, the complaining witness and the defendant usually are the only witnesses testifying directly as to the alleged acts constituting the crime. Therefore, the law requires that you examine the testimony of the prosecuting witness with caution and consider and weigh it in light of all the circumstances shown. In giving this instruction the Court does not mean to imply an opinion as to the credibility of any witness or the weight to be given his or her testimony.

Instructions of this type apparently originated with the beliefs that complainants in sex crimes are more prone to fabrication than are complainants in other crimes, and that such charges are more difficult to disprove. Neither of these postulates has been borne out in experience. *See People v. Rincon-Pineda*, 14 Cal.3d 864, 123 Cal.Rptr. 119, 538 P.2d 247 (1975) (en banc); *United States v. Wiley*, 160 U.S.App. D.C. 281, 492 F.2d 547, 552–555 (1973) (Bazelon, C. J., concurring).