SHAW, Judge.
The appellant corporation (Florida Power), decided to sell a large parcel of real estate located in Leon County, Florida. The job of marketing the property was delegated to the corporation’s real estate department which is under the direction of T. C. (Bud) Weaver. Pursuant to instructions from the corporation, Ron Solanes, property manager for Florida Power, placed an advertisement in the Wall Street Journal giving notice of the corporation’s desire to sell. Michael Krebsbach, a real estate salesman for Southeastern Realty and Investment Properties, Inc. (Southeastern), contacted Solanes and was furnished, by letter, additional information relative to the property. Solanes’ letter stated, inter alia, that the asking price was $1100 per acre, that a number of prospects would be contacted throughout the country and that the letter should not be construed as an exclusive listing to Krebsbach’s company or as a commitment to sell to any one individual or corporation. Upon receipt of the letter, Krebsbach brought the information to the attention of Bruce Mclver, the president of *1058 Southeastern, who in turn contacted So-lanes for permission to show the property to prospective purchasers. It was agreed that in addition to the $1100 per acre asking price, Mclver could add a 10% real estate commission. Mclver showed the property to prospective purchasers and relayed their interest to Solanes. During a telephone conversation between Mclver and Solanes the question of owner financing arose and the prospective purchasers had their attorney draft an option contract and submit it along with a $50,000 binder made payable to Florida Power. On December 7, 1979, Mclver, Solanes, Weaver and Blair Clark, an attorney for Florida Power, met and agreed that the option contract was not acceptable, but that the cash offer was firm. It was also agreed that Florida Power would retain the $50,000 binder check until an option to purchase or a contract for sale and purchase of 1,308 acres more or less on Lake Talquin was fully executed by Florida Power as optionor or seller and by Paul E. Williams and Fred G. Shelfer as optionees or buyers. Mclver was informed that a contract acceptable to Florida Power would have to be prepared. The meeting was concluded with the understanding that Florida Power would draft such a contract. On December 20, 1979, Mclver called So-lanes for a status report and was informed that the property had been taken off the market and was no longer for sale.
Southeastern filed an action to recover on a nonexclusive, oral brokerage contract to pay -a real estate commission. The complaint alleged that Southeastern produced purchasers ready, willing and able to purchase upon Florida’s Power terms and that Southeastern was informed by Florida Power that it was declining to sell the property. An answer and affirmative defenses was filed in which it was alleged that the offer presented to Florida Power by Southeastern was substantially different from the terms suggested by Florida Power as being acceptable; that Southeastern offered an option agreement and not a purchase agreement; that Southeastern’s efforts constituted a mere offer which defendant had a right to reject without being liable for a commission; that the property manager, Solanes, was not authorized to enter into a brokerage agreement with Southeastern; that no brokerage agreement would be binding on the corporation unless authorized by appropriate officers; that the alleged contract was unilateral in nature; and that Florida Power withdrew its solicitation of offer before Southeastern performed.
We agree with appellant that the trial court erred in granting summary judgment on behalf of Southeastern where, as in this instance, the pleadings and record reflect conflicting issues of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Hopkins v. Gibson Furniture, Inc., 312 So.2d 499 (Fla. 2d DCA 1975); Jerry Norris, Inc. v. Ackel, 311 So.2d 712 (Fla. 4th DCA 1975); Fontainebleau Hotel Corp. v. Southern Florida Hotel and Motel Association, 294 So.2d 390 (Fla. 3d DCA 1974). Unresolved issues exist relative to the extent of Solanes’ authority to bind Florida Power, the nature and extent of Southeastern’s involvement, and whether Florida Power, by taking the property off the market, defeated an otherwise valid sales agreement.
In light of such unresolved genuine issues of material fact, we reverse the order and remand the cause to the trial judge for further proceedings.
MILLS, C. J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.