PER CURIAM.
These are consolidated appeals. In Case No. 85-1311, plaintiff/insured, Dirk R. Doebler d/b/a The Doebler Company, appeals from a summary final judgment entered in favor of the defendant/insurer, Hartford Insurance Company of the Southeast, finding no coverage under a business liability insurance policy for a fire loss. In Case No. 85-1716, co-defendants Seitlin & Company, general lines agent for Hartford and issuer of the policy in question, and its vice-president, Frank Wheeler, appeal from a partial summary judgment which holds them liable for Doebler’s loss.
In June, 1982, Doebler, a construction contractor, purchased a policy of insurance from Hartford, through Seitlin, to cover its business operations. On approximately February 1, 1983, Doebler entered into a contract with the United States Navy to perform construction services at a naval air base in Bermuda. The Navy required Doe-bler to prove that he possessed general liability coverage. At the request of Doe-bler, Seitlin provided both Doebler and the Navy a “Certificate of Insurance” dated February 1, 1983, showing insurance coverage at the foreign job site. The policy protected against losses occurring “in the United States of America, its territories or possessions, or Canada.”
On June 1, 1983, Doebler entered into another construction contract with the United States Navy to perform certain services at the Lajes Field naval air base in the Portuguese Azores Islands. On June 23, 1983, at Doebler’s request, Seitlin provided a similar Certificate of Insurance confirming that the basic Hartford policy covered Doebler’s job operations at the “Naval Air Station Azores.” Seitlin testified that it is the practice in its office to send copies of these certificates to Hartford. Hartford denied receiving a copy of either certificate.
On September 24, 1983, a fire at the construction site in the Azores caused damages in the amount of $113,232, for which the Navy held Doebler responsible. After repairing the damage, Doebler submitted a claim for that amount to Hartford. Hartford denied coverage on grounds that (1) the military facility in the Azores was not a “territory or possession” of the United States, and (2) Seitlin did not have the authority to extend territorial coverage by means of a Certificate of Insurance.
Seitlin is Hartford’s agent pursuant to an Agency Agreement which fixes Seitlin’s commissions according to an amendable *1202 schedule. The agreement provides in section I:
AUTHORITY OF AGENT
The Agent is authorized on behalf of the Company:
(1) To solicit insurance for the classes of business which the Company writes in the Agent’s territory and to bind, issue and deliver policies therefor which the Company may from time to time authorize to be issued and delivered.
(2) To cancel such policies when legally possible at his discretion.
(3) To collect, receive and receipt for premiums on such policies, except as otherwise provided in Section V with respect to direct billed business.
Three issues are presented by this appeal: (1) whether the trial court should have concluded as a matter of law that a loss occurring on a United States military base in Portugal’s Azores Islands was not a loss occurring within the “territories or possessions” of the United States, (2) whether a summary judgment should have been entered holding Seitlin liable for Doe-bler’s loss, and (3) whether it should have been concluded as a matter of law that Hartford was not liable for Doebler’s loss notwithstanding that its agent verified, by a Hartford certificate, that the policy covered the insured’s overseas operations.
We agree with the trial court’s disposition of the first question. Doebler argues in Case No. 85-1311 that the term “possession” is ambiguous and should be used in its juridical sense as meaning “the detention and control ... of anything which may be the subject of property, for one’s use and enjoyment, either as owner or as the proprietor of a qualified right in it....” Black’s Law Dictionary 1325 (1975). Seitlin contends in Case No. 85-1716 that because the terms “territory” and “possession,” as used in the insurance policy, are ambiguous and susceptible to diverse meanings, they should be interpreted in their broadest sense to include military bases. Hartford counters that the phrase “within the United States of America, its territories or possessions” should be construed in an insurance contract according to its plain, normally accepted meaning. We agree with Hartford.
In United States Lines Co. v. Eastburn Marine Chemical Co., 221 F.Supp. 881 (S.D.N.Y.1963), the federal district court held that an accident occurring on an American flag ship anchored in a Spanish port was not covered by an insurance policy which limited coverage to accidents occurring “within the United States of America, its territories or possessions, or Canada.” The court ruled that the phrase “within the United States of America, its territories or possessions” is “a territorial definition and not a juridical definition,” that the territorial meaning is the ordinary meaning of the phrase, and that the word “territories,” as normally used in statutes, refers only to “the portions of the United States territorial possessions which are organized and exercising governmental functions under act of Congress.” 221 F.Supp. at 883, 885 (citing In re Lane, 135 U.S. 443, 10 S.Ct. 760, 34 L.Ed. 219 (1890) ).*
Analogizing from the Eastburn Marine holdings, we conclude, agreeing with the *1203 trial court, that the American naval base on the Portuguese Azores Islands is not a United States “territory” or “possession” as those terms are used in the insurance contract. The American presence on Portuguese soil is pursuant to a lease agreement which gives the United States the right to use a portion of the military facility, and to build and maintain structures, which at the end of the lease, or in the event of its termination, become the property of Portugal. The Technical Agreement between Portugal and the United States clearly provides that Portugal retains complete sovereignty over the base.
As to the remaining two issues, we disagree with the trial court’s conclusion that there were no genuine issues of material fact and that summary judgment was appropriate as a matter of law. The parties have not conclusively established as a non-issue that Seitlin was acting within the scope of its actual or apparent authority, with the power to bind its principal while at the same time avoiding personal liability. See Aetna Life & Casualty Insurance Co. v. Little, 384 So.2d 213 (Fla. 4th DCA 1980) (a general agent acting within the scope of his actual or apparent authority will bind his insurer); Hughes v. Pierce, 141 So.2d 280 (Fla. 1st DCA 1961) (summary judgment precluded because fact questions presented as to (1) whether agent had apparent authority to enter into oral contract of insurance, and (2) whether circumstances were such as to place insured upon inquiry as to agent’s authority to bind insurer); Scott v. Sun Bank of Volusia County, 408 So.2d 591 (Fla. 5th DCA 1981) (agent is liable to third persons for damages resulting from violation of duty which agent owes to third persons). Disposition of the agency questions by summary judgment was error. See Florida Power Corp. v. Southeastern Realty and Investment Properties, Inc., 397 So.2d 1057 (Fla. 1st DCA 1981).
Affirmed in part; reversed in part and remanded for further consistent proceedings.

 The term "territory,” as used in acts of Congress, may have different meanings depending upon legislative intent. See Americana of Puerto Rico, Inc. v. Kaplus, 368 F.2d 431 (3d Cir.1966), cert. denied, 386 U.S. 943, 87 S.Ct. 977, 17 L.Ed.2d 874 (1967). The same principle applies to the term "possession of the United States.” Vermilya-Brown Co. v. Connell, 335 U.S. 377, 69 S.Ct. 140, 93 L.Ed. 76 (1948). Seitlin relies on Connell which held that the term "possession,” as used in coverage provisions of the Fair Labor Standards Act, applied to a military base in Bermuda leased from the British government. First, as noted in Eastburn Marine, 221 F.Supp. at 884, Connell, as well as other cases interpreting the phrase "the United States of America, its territories, or possessions” in the context of a statute, are not controlling where, as here, the phrase is interpreted in the context of a private contract, i.e., an insurance policy. Second, the Fair Labor Standards Act was amended in 1957 to apply only to certain named territories and possessions under the jurisdiction of the United States such as Puerto Rico, the Virgin Islands, and Guam. 29 U.S.C. § 213(f) (1982). Section 213(f) was added to the Fair Labor Standards Act in order to overrule Connell. Pfeiffer v. Wm. Wrigley Jr. Co., 755 F.2d 554, 558-59 (7th Cir.1985).