**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Stanley JENNINGS a/k/a James L. Johnson, Defendant–Appellant.**

**No. 89–1500**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1989.

**94**

Richard Ladd, Lubbock, Tex. (court-appointed), for defendant-appellant.

Delonia A. Watson, Asst. U.S. Atty., Dallas, Tex., Marvin Collins, U.S. Atty., Steven M. Sucsy, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before GEE, DAVIS, and JONES, Circuit Judges:

GEE, Circuit Judge:

In March, 1986, James Jennings was confined in the Federal Prison Camp at Big Spring, Texas, on a forged cashier's check violation. During the 10:00 p.m. count, he was found missing from his room. He was arrested in Sweetwater, Texas, nearly three years later. In March 1987 he had, on two occasions, passed forged cashier's checks, once for a fur coat and once for a Rolex watch. Jennings knew that both checks had been forged when he made the exchanges.

Jennings was indicted for escape from a federal correctional institution and on two counts of uttering a counterfeit document. The causes were consolidated and Jennings pleaded guilty to each offense. The district court sentenced Jennings to a term of imprisonment for five years for the escape count, with the punishment to begin after Jennings was released on an unrelated offense. For the counterfeiting convictions, the district court sentenced Jennings to two concurrent ten-year terms of imprisonment, to be served consecutively to the sentence for the escape. The district court also ordered restitution and special assessments. Jennings appeals claiming, first, that his concurrent ten year sentences are improper, resulting from an improper indictment and conviction and, second, that he received ineffective assistance of court appointed counsel. We affirm.

### Discussion

Jennings contends that he was mischarged, an issue which he did not raise before the district court. Thus, we may address the issue "only if it involves a pure legal question and if failure to consider it would result in a miscarriage of justice." *United States v. Velasquez,* 748 F.2d 972, 973 (5th Cir.1984). Failure to consider this issue would not result in a miscarriage of justice because the issue lacks merit. We address it briefly, only to point out its insufficiencies.

 Jennings's argument contains two components. First, he contends that the statute forming the basis of the forgery convictions, 18 U.S.C. section 511(a), applies to a wholly different crime: altering or removing motor vehicle identification numbers. Title 18 once contained two statutes

designated as section 511. One was the motor vehicle statute; the other fits Jennings's crime: uttering a counterfeit security of an organization. The latter has been redesignated as 18 U.S.C. section 513. *See* Criminal Law and Procedure Technical Amendments Act of 1986, Pub.L. No. 99–646, section 31(a), 100 Stat. 3592, 3598 (1986); 18 U.S.C. sections 511, 513. Because the new section 513 was in effect as section 511 at the time of Jennings's indictments, he was not mischarged.

 Second, Jennings argues that he should have been charged with violations of 18 U.S.C. section 493, which carries a maximum penalty of five years imprisonment, because that statute more specifically fits his crime than does the statute forming the basis of his convictions. Jennings pleaded guilty to the offenses charged, and he has not shown that the district court lacked jurisdiction. A valid guilty plea waives all nonjurisdictional defects preceding the plea. *Barrientos v. United States,* 668 F.2d 838, 842 (5th Cir.1982). Jennings has not shown that any of his guilty pleas is invalid.

Jennings further argues that he received ineffective assistance from his trial counsel, whom Jennings claims urged him to plead guilty to a mischarged indictment, failed to inform him of his speedy trial rights, and allowed him to waive his speedy trial rights unknowingly. Jennings raises this issue as well for the first time on appeal.

The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations. We have undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allows us to evaluate fairly the merits of the claim. *United States v. Higdon,* 832 F.2d 312, 313–14 (5th Cir.1987), *cert. denied,* 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988) (citations omitted).

To prevail on his ineffective assistance claim, Jennings must overcome a strong presumption that his attorney's conduct falls within the wide range of reasonable professional assistance. In addition, Jennings must show a reasonable probability that, but for the errors, he would have insisted on going to trial and would not have pleaded guilty. *Hill v. Lockhart,* 474 U.S. 52, 56–58, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985). *See Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

The record before us does not allow a fair evaluation of Jennings's ineffective assistance arguments. Thus we cannot evaluate either *Hill* prong without factual development regarding the plea bargaining process. We, therefore, affirm the judgment of the district court without prejudice to Jennings's right to raise his ineffective assistance of counsel argument in a proper proceeding under 28 U.S.C. section 2255.

AFFIRMED.