937 F.2d 160
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael EASTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael EASTON a/k/a Michael Bitgood, Michael J. Bitgood,
Michael Bitgood Easton, and Michael J.B. Bitgood,
Defendant-Appellant.
 Nos. 90-2600, 90-2607
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 July 23, 1991.
Rehearing and Rehearing En Banc
Denied Aug. 20, 1991.
 Michael Easton, pro se.
 Peggy M. Ronca, Paula C. Offenhauser, Asst. U.S. Attys., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee in No. 90-2600.
 Peggy M. Ronca, Paula C. Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee in No. 90-2607.
 Appeals from the United States District Court for the Southern District of Texas.
 Before CLARK, Chief Judge, SMITH and WIENER, Circuit Judges.
 CLARK, Chief Judge:
 
 
 1
 Michael Easton (Easton) pleaded guilty to knowingly and willfully making a false statement to a government agency in violation of 18 U.S.C. Sec. 1001. In a separate criminal complaint, the government charged Easton with knowingly and falsely representing his social security number with intent to deceive a bank in order to obtain a loan. Easton pleaded guilty to this latter count after waiving an indictment. The district court sentenced Easton to serve two concurrent three-year terms of supervised probation. Easton, now pro se, appeals and argues that the district court lacked jurisdiction because the court disqualified the United States Attorney, that the district court erred by failing to fully inform Easton of the elements of his guilty plea, by refusing to allow Easton to withdraw his guilty plea, by sentencing Easton even though the judge thought that he was mentally ill, by participating in plea negotiations, and that Easton's counsel was unconstitutionally ineffective. We decline to address Easton's ineffective assistance of counsel claim. Easton's claim that the district court participated in plea negotiations raises a fact issue that cannot be resolved on the record before us and requires remand. In all other respects, the conviction and sentence are affirmed.
 
 
 2
 The Indictment--Government Attorney's Signature
 
 
 3
 Easton moved to disqualify the United States Attorney, Henry Oncken, because, before Oncken became a United States Attorney, Easton allegedly contacted Oncken about legal representation in the civil matter out of which the Sec. 1001 violation arose. Although Oncken did not act as Easton's attorney in the civil matter, the district court feared that Oncken might have been a party to privileged communications. The district court therefore disqualified Oncken in order to avoid the possible appearance of impropriety. Based on affidavits submitted by the government which indicated that Oncken had not meaningfully participated in the criminal prosecution against Easton, the district court did not disqualify the entire office of the United States Attorney.
 
 
 4
 Even though the indictment on the Sec. 1001 charge was signed by an Assistant United States Attorney before the United States Attorney was disqualified, Easton argues that the disqualification deprived the district court of jurisdiction. Federal Rule of Criminal Procedure 7(c)(1) states that an indictment must be signed by "the attorney for the government." Easton acknowledges that an Assistant United States Attorney may sign the indictment in place of the United States Attorney. See Abramson v. United States, 326 F.2d 565, 567 (5th Cir.), cert. denied, 377 U.S. 957, 84 S.Ct. 1636, 12 L.Ed.2d 500 (1964). He argues, however, that a disqualified United States Attorney could not validly consent to a signature by a subordinate. He therefore concludes that the Assistant United States Attorney's signature is invalid for Rule 7(c)(1) purposes.
 
 
 5
 A guilty plea waives all nonjurisdictional issues. See United States v. Jennings, 891 F.2d 93, 95 (5th Cir.1989). Easton can only prevail on this argument by showing that any alleged defects in the indictment deprived the district court of jurisdiction. We conclude that the Rule 7(c)(1) requirement of an indictment signature by "the attorney for the government" is nonjurisdictional.
 
 
 6
 It is clear that not all defects in an indictment are jurisdictional. 42 C.J.S. Indictments and Informations Sec. 2 (1991). The Supreme Court has stated:
 
 
 7
 An objection is made to the indictment that it was not signed by the district attorney of the United States; but, as the indictment was found by the grand jury, and indorsed as a true bill by the foreman, and filed in open court according to law, we do not see that there is any error on that subject; certainly, none which goes to the jurisdiction of the court.
 
 
 8
 In re Lane, 135 U.S. 443, 449, 10 S.Ct. 760, 762, 34 L.Ed. 219 (1890). In today's case, the indictment was found by the grand jury, signed by the foreman, and filed according to law. We have continued to follow the rule announced in Lane. In United States v. Boruff, 909 F.2d 111 (5th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1620, 113 L.Ed.2d 718 (1991), for example, we found a violation of Rule 7(c)(1), but we applied harmless error analysis to the argument that the superseding indictment lacked a government attorney's signature. See id. at 118.
 
 
 9
 Easton cites United States v. Cox, 342 F.2d 167 (5th Cir.) (en banc), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965), which contains the following dicta: "Without the [government attorney's] signature there can be no criminal proceeding brought upon an indictment.... There seems to be no authority for the statement that the absence of a signature is not fatal." Id. at 172. In Cox, we held that a United States District Judge could not order a United States Attorney to sign an indictment. We reasoned that the signature is a discretionary executive function which allows a United States Attorney to prevent a prosecution by refusing to sign the indictment. See id. at 171-72.
 
 
 10
 Our holding today is consistent with Cox. First, Cox did not decide whether the government attorney's signature is a jurisdictional or procedural requirement. Second, construing a defendant's plea of guilty as a waiver of the signature requirement does not affect a United States Attorney's executive authority to prevent, by procedural means, the prosecution of a person the grand jury indicts who does not plead guilty. Finally, the only viable interpretation of Cox is that it treats the signature requirement as procedural. Cox did not purport to, and could not have, overruled the Supreme Court's decision in Lane. See id. at 176 (Rives, Gewin, and Bell, JJ., concurring in part and dissenting in part). Moreover, in Boruff, which was decided after Cox, we continued to recognize the principle announced in Lane by applying harmless error analysis to an indictment that the United States Attorney did not refuse to sign. We conclude that Easton waived the Rule 7(c)(1) requirement of the government attorney's signature by pleading guilty.
 
 
 11
 The remaining portions of this opinion are fact specific to this case and without precedential value that would justify publication. They will be distributed in manuscript form only to the parties and the district court.
 
 Conclusion
 
 12
 The issue involving the trial judge's alleged participation in plea discussions is REMANDED for further findings. The decision of the district court is AFFIRMED in all other respects without prejudice to Easton's ability to raise his ineffective assistance of counsel claim by way of postconviction relief.