64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donavon Ray NICHOLS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don Rico MADDOX, Defendant-Appellant.
 Nos. 94-5577, 94-5578.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1995.
Decided Aug. 18, 1995.
 
 George A. Mills, III, Huntington, WV; Scott G. Stapleton, STAPLETON & STAPLETON, Huntington, WV, for Appellants. Rebecca A. Betts, United States Attorney, Paul T. Farrell, Assistant United States Attorney, Huntington, WV, for Appellee.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Donavon Ray Nichols and Don Rico Maddox were both charged with conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1995), and using or carrying a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1995). Both entered guilty pleas. Their attorneys have filed briefs in accordance with Anders v. California, 386 U.S. 738 (1967), raising various issues but indicating that they believe there are no meritorious issues for appeal. Nichols and Maddox have filed separate pro se supplemental briefs. After reviewing the record below, we affirm the convictions and sentences.
 
 
 2
 In January 1994, Nichols and Maddox traveled from Detroit, Michigan, to Huntington, West Virginia, where they met Lamont Scott. After his arrest, Nichols informed authorities that, although on previous occasions he had come to West Virginia armed and with crack which Lamont Scott sold for him, on this occasion he came to West Virginia unarmed and without drugs to assess the situation following recent drug arrests. However, Scott had already provided himself both with crack and a loaded semi-automatic pistol for protection.
 
 
 3
 The three men rented a motel room. Scott and Maddox went out to sell crack, taking part of Scott's supply with them while Nichols waited in the motel with the rest of it. On the street, Maddox held the crack for Scott, who both used and sold it over several hours, returning to the motel to get more when necessary. The next day, all three men went to Saundra Johnson's house, where Nichols held Scott's gun and money while he smoked crack because using crack made Scott "paranoid." All three were arrested there. Nichols was in possession of the firearm and $977 in cash. A plastic bag containing a small amount of crack was on the sofa near Maddox, and a cigarette package containing five rocks of crack was on the floor. The plea agreements negotiated by Nichols and Maddox stipulated that their relevant conduct would be limited to 1.65 grams of crack, the amount seized when they were arrested.[1]
 
 
 4
 In his Anders brief, Nichols alleges that his guilty plea was entered under duress and was not fully informed. Nichols's statements to the contrary at the Fed.R.Crim.P. 11 hearing are strong evidence of the voluntariness of his plea, United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992), and he offers nothing to refute those statements on appeal. We therefore find that the plea was voluntary. Nichols also argues that there was insufficient evidence of a conspiracy. The elements of a conspiracy to violate Sec. 846 are (1) an agreement between two or more persons to violate the laws of the United States relating to controlled substances, and (2) the defendant's willful joinder in that agreement or undertaking. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991). We find that the evidence was sufficient here to sustain Nichols's convictions.
 
 
 5
 In his supplemental brief, Nichols claims that he received ineffective assistance in the district court in that his attorney failed to file certain motions (the record discloses that they were filed) and erroneously told him that the plea would result in a lower sentence than he would get if he went to trial and was convicted. Nichols further claims that his appellate counsel demonstrated ineffectiveness by filing an Anders brief. In this circuit, a claim of ineffective assistance should be raised in a 28 U.S.C. Sec. 2255 (1988) motion rather than on direct appeal unless the record conclusively shows ineffective assistance. United States v. Percy, 765 F.2d 1199, 1205 (4th Cir.1985); United States v. Fisher, 477 F.2d 300 (4th Cir.1977). The required showing has not been made here.[2]
 
 
 6
 Finally, Nichols maintains that the evidence was insufficient to support his Sec. 924(c) conviction because the firearm was not being used in relation to drug trafficking at the time of his arrest. We have no difficulty in finding the evidence sufficient, given that Scott had placed both the weapon and his drug trafficking profits with Nichols for safekeeping. United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991) (evidence sufficient if weapon present and accessible).
 
 
 7
 In both his Anders brief and his supplemental brief, Maddox challenges his Sec. 924(c) conviction on the ground that he had no involvement with the firearm. However, Maddox was well aware that the firearm was being used by Scott and by Nichols, his co-conspirators. All reasonably foreseeable acts of co-conspirators which are done in furtherance of the conspiracy may be imputed to co-conspirators, thus making Maddox liable for the Sec. 924(c) violation. United States v. Cummings, 937 F.2d 941, 944 (4th Cir.) cert. denied, 502 U.S. 948 (1991).
 
 
 8
 Last, Nichols and Maddox suggest that the district court erred in sentencing them by failing to make a finding concerning the amount of drugs reasonably foreseeable to them and within the scope of the conspiracy. See United States v. Irvin, 2 F.3d 72, 75 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (1994). While we agree that this is the correct procedure, Nichols and Maddox undoubtedly benefited, rather than being prejudiced, from the district court's acceptance of the very small amount of crack stipulated as relevant conduct in their plea agreements.
 
 
 9
 In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. We therefore affirm both convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual Secs. 1B1.3, 2D1.1 (Nov.1993)
 
 
 [2]
 As part of his ineffectiveness claim, Nichols contends that his indictment was defective because it was signed by an Assistant United States Attorney rather than by the United States Attorney. This nonjurisdictional claim was waived by his guilty plea, United States v. Easton, 937 F.2d 160, 161 (5th Cir.1991), cert. denied, 502 U.S. 1045 (1992), and is without merit in any case. United States v. Walls, 577 F.2d 690, 696 (9th Cir.), cert. denied, 439 U.S. 893 (1978)