**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4038

SAMMY CHAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-33)

Submitted: March 27, 1997

Decided: April 9, 1997

Before RUSSELL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marcia G. Shein, Richard D. Biggs, LAW OFFICES OF MARCIA G.
SHEIN, P.C., Atlanta, Georgia, for Appellant. J. Preston Strom, Jr.,
United States Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Kristina L. Ament, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sammy Chavis pled guilty to conspiring to distribute and possess with intent to distribute cocaine between 1988 and 1995 in violation of 21 U.S.C. § 846 (1994). He was sentenced as a career offender to a term of 262 months imprisonment. Chavis appeals his sentence, arguing that the district court plainly erred in sentencing him as a career offender, USSG § 4B1.1,[1] and that he received ineffective assistance at sentencing. He also seeks leave to file a pro se supplemental brief in which he argues that there was an insufficient factual basis for his guilty plea, the court failed to explain the charge, and the indictment was defective. We grant leave to file the supplemental brief, but affirm the conviction and sentence.

Before Chavis was indicted in 1995, a federal agent interviewed a number of individuals who stated that they bought cocaine from Chavis during several years preceding his arrest. In addition, Carlos Perez told the agent that he began delivering cocaine to Chavis in 1988 and dealt with him on and off until his arrest in December 1994. After Chavis pled guilty, the probation officer recommended a career offender sentence because Chavis was convicted of state felony drug trafficking offenses in 1986 and 1991.[2] Chavis' attorney filed a written objection to this recommendation but withdrew it at the sentencing hearing.

Chavis contends that his 1991 cocaine trafficking conviction was

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

[2] Under USSG § 4B1.1, a defendant is a career offender if he is at least eighteen years old, the instant offense is a crime of violence or a controlled substance offense, and he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

2

part of the instant offense and, therefore, was incorrectly included in his criminal history and improperly considered in the career offender determination. See USSG §§ 4A1.2(a)(1), 4B1.2(3) (two predicate felony convictions must be counted separately for criminal history purposes). To succeed on a claim of plain error, Chavis must show that (1) an obvious error occurred, (2) the error affected his substantial rights, and (3) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-37 (1993). Chavis has failed to convince us that a plain error occurred because he relies entirely on the fact that his 1991 cocaine trafficking conviction was within the time frame of the conviction charged in the instant offense. While the 1991 offense may have been part of the instant offense, Chavis made no showing in the district court to establish that it was, and has made none on appeal. Consequently, we find that the district court did not plainly err in determining that Chavis was a career offender.

Because the record does not conclusively demonstrate that defense counsel rendered ineffective assistance during the sentencing proceeding, we will not address that issue on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992).

The indictment bore the typed name of the United States Attorney and the initials of the Assistant United States Attorney. The grand jury foreman's name was stamped on it. While Federal Criminal Rules 6(c) and 7(c) call for the indictment to be signed by these persons, any error was nonjurisdictional and was waived when Chavis pled guilty. See Frisbie v. United States, 157 U.S. 160, 163-65 (1895) (failure of grand jury foreman to sign indictment is non-fatal irregularity); United States v. Easton, 937 F.2d 160, 162 (5th Cir. 1991) (requirement that government attorney sign is nonjurisdictional). Moreover, we find that Chavis had adequate notice of the crime with which he was charged from the indictment and the magistrate judge's explanation of the elements of the offense, and that the factual basis for Chavis' guilty plea established the existence of a conspiracy.

We therefore affirm the conviction and the sentence. We grant Chavis' request to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED