**Gerald Lee BABB, Jr., # 649412**

v.

**Gary L. JOHNSON.**

**Civil No. G–98–559.**

United States District Court, S.D. Texas, Galveston Division.

Aug. 13, 1999.

Gerald Lee Babb, Jr., Abilene, TX, pro se.

Idolina Garcia McCullough, Office of the Attorney General, Austin, TX, for respondent.

### OPINION AND ORDER

KENT, District Judge.

Before the Court is the Motion for Summary Judgment filed by Respondent, Gary L. Johnson, seeking dismissal of the Petition for Writ of Habeas Corpus of Gerald Lee Babb, Jr., a prisoner in Johnson's custody. This Court, having reviewed the motion, Babb's response, and the state court records, now issues this Opinion and Order.

On January 21, 1993, Babb's car was stopped by a state trooper. The car was searched and 8,866 grams of marihuana were found. Babb was subsequently indicted by a Chambers County Grand Jury for possession of marihuana and for possession of marihuana on which the Controlled Substances Tax had not been paid; each indictment alleged two prior felony convictions for purposes of enhancement. On March 31, 1993, the State Comptroller assessed the Controlled Substances Tax, including penalties and interest, in the amount of approximately $35,000.00; Babb never paid the tax. On September 7, 1993, Babb pleaded guilty to both indictments and was sentenced to two concurrent thirty year terms of imprisonment; surprisingly, he was not fined in the amount of the unpaid tax pursuant to § 159.201(b) of the Texas Tax Code.

Babb did not appeal his convictions, but he did file a state court habeas petition which was denied by the Texas Court of Criminal Appeals on February 25, 1998, without written order based on the findings of the trial court judge without a formal evidentiary hearing. Accordingly, Babb has exhausted his state court reme-

dies and this Court has jurisdiction to consider his petition under 28 U.S.C. §§ 2241 and 2254.

◼ Babb first complains that the Comptroller's assessment of the Controlled Substances Tax constituted a punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and, therefore, barred his further prosecution. This claim has no merit. The mere assessment of the tax is not punishment. The assessment is not the functional equivalent of a final adjudication of guilt, but merely a formal determination of civil tax liability. *See Ex parte Ward,* 964 S.W.2d 617, 630 (Tex.Crim.App.1998). The state took no judicial action to enforce the tax assessment and no tax was ever paid by or collected from Babb. Cf. *United States v. Sanchez–Escareno,* 950 F.2d 193, 202 (5th Cir.1991) Babb suffered no Fifth Amendment punishment as a result of the Comptroller's assessment and this double jeopardy claim, therefore, fails.

Babb next complains that the tax assessment barred his subsequent prosecution of the marihuana that constituted the basis for the tax. Insofar as this claim is the same as Babb's first, it will be dismissed for the same reasons expressed above. If Babb is arguing that the assessment, even if not "punishment", nevertheless placed him in jeopardy for purposes of the Fifth Amendment, his claim is without foundation. The mere assessment of the tax was not a prosecution of Babb, it was simply a determination and declaration that the tax was due and payable. The actions taken by the Comptroller never put Babb in jeopardy. "According to both state and federal law, a defendant is not placed in jeopardy until a legal proceeding begins before a trier of fact having jurisdiction to try the guilt or innocence of the accused." *Ward,* 964 S.W.2d at 631, see also *Sanchez–Escareno,* 950 F.2d at 203. In the absence of prior jeopardy, there can be no double jeopardy violation. This claim is,

therefore, baseless and it will be dismissed.

◼ Babb next complains that he was never properly or sufficiently admonished by the trial court judge at the time of his guilty pleas. In support of this argument, Babb cites Rule 11 of the Federal Rules of Criminal Procedure, however, Rule 11 has no application to Babb's state court prosecutions. Babb must demonstrate that the trial court's admonishment was constitutionally deficient, *Ex parte Taylor,* 522 S.W.2d 479 (Tex.Crim.App.1975), and this he cannot do. The written plea admonishments signed by Babb, under oath, on the day of his guilty pleas memorialize his understanding of the charges against him and the consequences of his pleas. These solemn declarations in open court carry a strong presumption of regularity. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir.1986) Babb has offered nothing more than his self-serving allegations that he didn't understand what he was doing and such unsupported allegations are woefully insufficient to rebut the presumption of regularity of the state court records. *Ross v. Estelle,* 694 F.2d 1008 (5th Cir.1983) This claim is without merit and it will be dismissed.

◼ Babb next complains that the evidence against him was insufficient because the state never performed or introduced into evidence a qualitative analysis of the substance seized from his car and alleged to be marihuana; however, as Respondent points out, even if Babb's allegations are true, his guilty pleas waived this non-jurisdictional defect. *U.S. v. Broce,* 488 U.S. 563, 568, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), see also *United States v. Easton,* 937 F.2d 160, 161 (5th Cir.1991) This claim will, therefore, be dismissed.

Babb next complains that the search of his car at the time of his arrest was without his consent and was unconstitutional. This claim, like the last, was waived by Babb when he entered his guilty pleas. *United States v. Owens,* 996 F.2d 59, 60

(5th Cir.1993) Moreover, in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) the Supreme Court virtually eliminated review of Fourth Amendment issues in federal habeas when a defendant had an opportunity for full and fair consideration of those claims in the state courts. Babb had the opportunity to raise this claim. In fact, his attorney filed a suppression motion. Babb simply did not further pursue it and elected, instead, to enter guilty pleas. Habeas relief is not available to Babb on this claim.

▪ Finally, Babb claims his trial counsel rendered ineffective assistance. Specifically, Babb faults his attorney for failing to adequately consult with him; for not filing a motion to quash the indictment as violative of the Double Jeopardy Clause; for not pursuing a motion to suppress; and for generally being nothing more than a "cop-out" lawyer who forced him to plead guilty. These claims were specifically rejected by the state court upon the findings of the trial court after a "paper" hearing which considered trial counsel's affidavits. A claim of ineffective assistance of counsel presents mixed questions of law and fact and, therefore, federal habeas relief is not available unless this Court determines that reasonable jurists would be of the single opinion that the state court's adjudication of these claims was wrong. In its analysis, this Court must afford the state court factual findings a presumption of correctness. 28 U.S.C. § 2254(e)(1). Applying the law to those presumed facts leads this Court to the same conclusion reached by the state court: counsel's assistance was not constitutionally ineffective. Having reached that conclusion, it is clear that Babb cannot show that the state court decision is so clearly incorrect that it would not be debatable among reasonable jurists. *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996) Accordingly, this claim has no merit and it will, like the others, be dismissed.

For the foregoing reasons, it is the **ORDER** of this Court that "Respondent John-son's Motion for Summary Judgment" is **GRANTED** and the Petition for Writ of Habeas Corpus of Gerald Lee Babb, Jr., is **DISMISSED** in its entirety.

### FINAL JUDGMENT

For the reasons stated in this Court's Opinion and Order of even date herewith, the above-styled action is hereby **DISMISSED**.

**THIS IS A FINAL JUDGMENT.**