UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

RANDY ANTHONY WEAVER,
  *Defendant-Appellant.*

No. 00-4757

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-96-96)

Submitted: June 21, 2001

Decided: June 29, 2001

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

W. Douglas Richardson, Jr., HENDRICKS LAW FIRM, P.A., Easley, South Carolina, for Appellant. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Randy Anthony Weaver was convicted of threatening to take the life of, and to inflict bodily harm upon, the President of the United States, in violation of 18 U.S.C. § 871 (1994). The court sentenced him to twenty-three months in prison and a three-year term of supervised release. While on supervised release after completing his prison term, Weaver was arrested for violating the terms of his supervised release by failing to notify his probation officer about his change of residence and failing to submit monthly reports to his probation officer. At the supervised release revocation hearing, Weaver admitted that he had violated the conditions of his supervised release. The court then revoked his term of supervised release. Weaver timely appealed.

Weaver's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising two issues, but stating that, in his opinion, there are no meritorious issues for appeal. Weaver has filed a pro se supplemental brief raising additional issues. Finding no reversible error, we affirm.

Counsel first asserts that the district court abused its discretion by revoking Weaver's term of supervised release. The district court, in its discretion, may revoke supervised release upon finding a noncriminal violation of supervised release. 18 U.S.C. § 3583(e)(3) (1994); *U.S. Sentencing Guidelines Manual* § 7B1.3(a)(2) (1998). In this case, Weaver admitted that he violated the terms of his supervised release. Under these circumstances, we find no abuse of discretion in the district court's decision to revoke Weaver's supervised release.

Next, counsel argues that Weaver's arrest warrant was not signed by a judicial officer and that the return was not signed by the arresting officer and that these are fatal flaws. We disagree.

A federal district court judge signed the order directing that a warrant be issued for Weaver's arrest. The arrest warrant bears the name of a magistrate judge, but it was signed by someone else, apparently on behalf of the magistrate judge. Similarly, the return bears the name

of the arresting officer but was signed by someone else on behalf of the officer.

Weaver does not dispute that there was probable cause to arrest him. His only challenge to his arrest is that the judge and the arresting officer did not respectively sign the arrest warrant and the return. Clearly, these documents were signed on behalf of these officials. *Cf. United States v. Easton*, 937 F.2d 160, 162 (5th Cir. 1991) (finding that requirement that government attorney sign indictment is nonjurisdictional); *United States v. Hobby*, 702 F.2d 466, 470-71 (4th Cir. 1983) (failure of grand jury foreman to carry out ministerial duties does not invalidate indictment). However, even if such signatures were deemed to be inadequate, this ministerial omission would not be enough to render Weaver's subsequent conviction void. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (illegal arrest does not void subsequent conviction); *cf. Brooks v. City of Winston-Salem, North Carolina*, 85 F.3d 178, 182 (4th Cir. 1996) ("charge that probable cause for a warrantless arrest was lacking, and thus that the seizure was unconstitutional, would not necessarily implicate the validity of a subsequently obtained conviction").

In his supplemental pro se brief, Weaver asserts that his conviction should be overturned because he was denied effective assistance of counsel, he was illegally held after his arrest on the ground that he was a "flight risk," the transcript of the supervised release revocation hearing was illegally altered, and the police illegally seized his driver's license after his arrest. We find these claims to be meritless.

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. We therefore affirm the district court's order revoking supervised release. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*