IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-8404

Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

v.

KEITHAN JEROME OWENS

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(A 91 CR 141 2)
_____
                      March 9, 1993
Before KING, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

                              I.

     Defendant-Appellant Keithan Jerome Owens was indicted by a
federal grand jury sitting in Austin, Texas for:  (1) conspiracy
to possess with intent to distribute cocaine in violation of 21
U.S.C. § 846; (2) possession with intent to distribute cocaine in
violation of 21 U.S.C. § 841(a)(1); and (3) using or carrying a

_____

     [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

firearm in the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c).  Owens pled guilty to all counts of the indictment, and the district court sentenced him to a total of 216 months imprisonment followed by four years of supervised release, a $5000 fine, and a $150 special assessment. Owens filed a timely notice of appeal.

## II.

On appeal, Owens raises several challenges to his conviction.  He first argues that his prosecution and convictions under federal drug statutes run afoul of the Tenth Amendment to the United States Constitution.  Owens also argues that the decision to prosecute him in federal court deprived him of his more expansive rights under the Texas Constitution to be free of unreasonable searches and seizures.  Owens further suggests that he was prosecuted in federal court solely to enhance punishment. Finally, Owens contends that the federal prosecutor's decision to bring charges against him violates the principles embodied in Batson v. Kentucky, 476 U.S. 79 (1986).

## A.

Before addressing the merits of Owens' challenges to his conviction, we must consider the effect of his guilty plea on those challenges.  In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court stated:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary an intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759, 770 (1970)].

By pleading guilty to an offense, therefore, a criminal defendant waives all non-jurisdictional defects preceding the plea. United States v. Jennings, 891 F.2d 93, 95 (5th Cir. 1989); see also Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982) (absent a jurisdictional defect, a defendant usually has no right to appeal his conviction from a plea of guilty).

Adhering to these principles, we hold that Owens, by pleading guilty to offenses under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 924(c), waived all non-jurisdictional defects preceding the plea. That is, Owens waived the argument that the search and seizure conducted by Texas state officials violated a more expansive provision of the Texas Constitution, TEX. CONST. art. I § 9. Owens also waived the claim that he was being prosecuted in federal court solely to enhance his punishment. Finally, Owens waived the argument that the federal prosecutor chose to prosecute him in federal court because of his race. See Tollett, 411 U.S. at 266 (concluding that petitioner's guilty plea foreclosed independent inquiry into claim that blacks were systematically excluded from grand jury). None of these arguments challenges the jurisdiction of the

district court, and all of the alleged defects occurred before Owens' guilty plea.

B.

Because Owens' Tenth Amendment argument appears to be in the nature of a jurisdictional challenge to his conviction, however, we address its merits. Owens' contends that, under the Tenth Amendment, Congress may only punish crimes that have a "federal basis"--i.e., crimes that involve federal lands, post offices, use of the mails, or interstate commerce. And, pointing to the fact that his drug crimes occurred solely in the Austin area, Owens argues that there is no federal basis underlying his prosecution and conviction. According to Owens: "Without a constitutionally acceptable [federal] basis, the naked application of these [f]ederal drug statutes to [him] violates the strictures of the Tenth Amendment to the United States Constitution."

The Tenth Amendment of the United States Constitution provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively." U.S. CONST. amend. X. In interpreting this amendment, this court has long held that "[t]he Tenth Amendment does not operate upon the valid exercise of powers delegated to Congress by the Commerce Clause." United States v. Lopez, 459 F.2d 949, 951 (5th Cir.), cert. denied, 409 U.S. 878 (1972). We have stated: "If the passage of [a federal criminal

4

statute is] a valid exercise of [Congress' commerce] power, no violation of the Tenth Amendment can occur." Id.; see also In re Grand Jury Proceedings, 801 F.2d 1164, 1169-70 (9th Cir. 1986) (concluding that government investigation into illegal dispensation of anabolic steroids, because it was valid exercise of commerce power, did not violate Tenth Amendment).

The statutes under which Owens' was prosecuted and convicted are all valid exercises of Congress' commerce power. In Lopez, we expressly held that Congress acted well within its commerce power when it passed 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846-- despite the fact that neither provision required any specific nexus between the drug activity being punished and interstate commerce. We concluded that there was a rational basis for Congress' finding that "control of the intrastate incidents of traffic in controlled substances was essential to the control of interstate incidents of that traffic." Lopez, 459 F.2d at 953; see also United States v. Weinrich, 586 F.2d 481, 489 (5th Cir. 1978) (reaffirming that 21 U.S.C. § 841(a)(1) is constitutional even though no specific proof of a nexus with interstate commerce is required for conviction), cert. denied, 440 U.S. 982 (1979). Courts have similarly upheld the constitutionality of 18 U.S.C. § 924(c). Most recently, in United States v. Dumas, 934 F.2d 1387 (6th Cir. 1990), cert. denied, 112 S. Ct. 641 (1991), the Sixth Circuit rejected an argument that section 924(c) violates the Tenth Amendment by not requiring a nexus between the possession of firearms and interstate commerce. Id. at 1390. It stated:

5

> Section 924(c) applies only to the use or carrying of a
> firearm during or in relation to a <u>federal crime</u>. It
> is a valid measure designed to deter the violence
> associated with drug trafficking, an activity validly
> regulated by Congress under the Commerce Clause.

<u>Id.</u> (emphasis added); <u>see</u> <u>also</u> <u>United States v. McMillan</u>, 535 F.2d 1035, 1037 n.1 (8th Cir. 1976) (finding unpersuasive the argument that 18 U.S.C. § 924(c) is not within the scope of Congress' power to regulate interstate commerce and therefore reserved to the states by the Tenth Amendment), <u>cert. denied</u>, 434 U.S. 1074 (1978).

Accordingly, we hold that Owens' prosecution and convictions under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 924(c) do not run afoul of the Tenth Amendment. Each of the provisions is a valid exercise of Congress' commerce power, even though no specific nexus with interstate commerce is required for conviction. Because these provisions are valid exercises of Congress' commerce power, they cannot, under <u>Lopez</u>, violate the Tenth Amendment. Contrary to Owens' suggestion, then, there was a "federal basis" for his prosecution: Congress has validly determined that, in order to control <u>inter</u>state drug activity, it must be able to punish <u>intra</u>state drug activity.

### III.

For the foregoing reasons, the district court's judgment is AFFIRMED.

6