**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 02-4965

DONIKKI HARDY,
            *Defendant-Appellant.*


UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 02-4998

DONIKKI HARDY,
            *Defendant-Appellant.*


Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-01-235)

Submitted: September 11, 2003

Decided: April 6, 2004

Before WILKINSON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Jessica Salvini, SALVINI & BENNETT, L.L.C., Pickens, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney,

Isaac L. Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Donikki Hardy appeals from his conviction for possession with intent to distribute 50 grams or more of crack cocaine and less than 500 grams of cocaine. On appeal, he challenges the denial of his motion to dismiss his indictment. We affirm.

Hardy alleges that his indictment was improper, because (1) he overheard a Government agent laughing that "no grand jury returned the indictment," (2) the indictment did not include the signature of the United States Attorney, and (3) the foreperson's stamped name was scratched out and another stamped name appeared above it. Hardy also alleges that the district court erred in denying his motion for disclosure of the grand jury materials. Although Hardy's copy of the indictment does contain the irregularities that he notes, the Government has filed a copy of the original indictment which contains the signatures of the United States Attorney and the grand jury foreperson.

Hardy pled guilty to the indictment. A valid guilty plea constitutes a waiver of all non-jurisdictional defects. *See United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Even if the two signatures were missing from the indictment in violation of Fed. R. Crim. P. 6(c) and 7(c), such defects were not jurisdictional and, thus, were waived by Hardy's guilty plea. *See Frisbie v. United States*, 157 U.S. 160, 163-65 (1895) (failure of grand jury foreman to sign indictment is non-fatal irregularity); *United States v. Easton*, 937 F.2d 160, 162 (5th Cir. 1991) (requirement that government attorney sign indictment is non-

jurisdictional). Moreover, while Hardy's claim that the indictment was somehow forged does presumably attack the jurisdiction of the district court, *see United States v. Macklin*, 523 F.2d 193, 196-97 (2d Cir. 1975) (discussing void actions of grand jury), Hardy's bare, self-serving allegations as to the statements of a Government agent are insufficient to require dismissal of the indictment in light of the facial sufficiency of the original indictment filed with the court. *See United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981) (discussing presumption of validity). Nor were these unsupported allegations enough to establish a "strong showing of particularized need" for disclosure of the grand jury materials. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 442-43 (1983). Thus, the district court properly denied Hardy's motions to dismiss the indictment and to compel disclosure of the grand jury materials.

Accordingly, we affirm Hardy's conviction. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*