**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5263

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANTE L. WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:06-cr-00045-HEH)

Submitted:  September 7, 2007        Decided:  September 19, 2007

Before KING and GREGORY, Circuit Judges, and WILKINS, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Taylor B. Stone, BREMNER, JANUS, COOK & STONE, Richmond, Virginia, for Appellant.  Charles Philip Rosenberg, United States Attorney, Alexandria, Virginia; Peter Sinclair Duffey, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dante L. Williams appeals from his conviction and 360-month sentence for possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii) (2000). Counsel for Williams filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks this court to review whether the trial court erred in denying Williams' request for a reduction in his offense level for acceptance of responsibility, his motion for a downward departure, and his motion to withdraw his guilty plea. In response, the Government filed a motion to dismiss, asserting that in light of the appellate waiver in Williams' plea agreement, there was no basis to challenge his conviction or his sentence. Counsel for Williams stated that he had no response to the motion to dismiss; however, Williams filed a pro se brief in which he contended that the indictment was flawed because it did not include the signature of the grand jury foreman or any notice regarding an enhanced sentence pursuant to 21 U.S.C. § 851 (2000). Williams also claimed that his prosecution under 21 U.S.C. § 841 (2000) violated the separation of powers doctrine.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has

waived his right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within the scope of that waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994); cf. United States v. Blick, 408 F.3d 162, 171 (4th Cir. 2005) (refusing to enforce waiver for a "narrow class of claims" that are not within the scope of the waiver).

In his Anders brief, Williams challenges the district court's determinations that he did not qualify for an offense level reduction or a downward departure. These claims are squarely within the scope of the appellate waiver, as Williams waived the right to appeal any sentence below the statutory maximum or the manner in which the sentence was determined. See Attar, 38 F.3d at 731-33.

Williams next asserts that the district court erred in denying his motion to withdraw his guilty plea. This claim falls outside of the scope of the appellate waiver, as Williams' motion alleged that counsel's ineffective assistance led him into accepting the plea agreement. See Attar, 38 F.3d at 733 n.2; United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Thus, this claim must be addressed on the merits. After a plea has been entered, a defendant may withdraw the plea only if he can show a "fair and just reason" for requesting the withdrawal. Fed. R. Crim. P.

11(d)(2)(B).  This court reviews the district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion.  United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003).  When considering whether to permit a defendant to withdraw a guilty plea, a district court must evaluate the factors enumerated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  The most important consideration is whether the Rule 11 colloquy was properly conducted and the plea was both counseled and voluntary.  See United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003).

In his withdrawal motion and at the subsequent hearing, Williams alleged that he accepted the plea agreement only because counsel told him that the Government would withdraw its notice seeking an enhanced sentence pursuant to 21 U.S.C. § 851 if he entered a guilty plea.  While claiming that he was not guilty of the crimes charged, Williams did not assert any substantive error with respect to the Rule 11 hearing.  At the plea hearing, Williams stated he was satisfied with counsel's performance, that there were no promises or expectations that had not been included in the plea agreement, and that he was guilty of the charged offense.  The record establishes that Williams knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences, and that there was no error in the district court's acceptance of his plea.

Williams also failed to credibly assert his legal innocence at the hearing on his motion to withdraw his guilty plea. In an attempt to repudiate his admissions made at the Rule 11 hearing, Williams stated only that he "went along with what my lawyer told me to do." The district court held that despite Williams' denial of ownership of the narcotics, he had previously admitted he knew they were present in his car and that he was guilty of the charged offense. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). None of the remaining factors weigh in Williams' favor, as he had competent assistance of counsel through the proceedings, and he filed the motion to withdraw his guilty plea nearly three months after the Rule 11 hearing. Therefore, we find that the district court did not abuse its discretion in denying Williams' motion to withdraw his guilty plea.

As for his pro se claims, Williams first contends that his indictment was not signed by the grand jury foreperson and that the court therefore lacked subject matter jurisdiction in this case. Because subject matter jurisdiction involves the power of a court to hear a case, claims that a court lacked jurisdiction are not barred by an appellate waiver. See United States v. Cotton, 535 U.S. 625, 630 (2002). However, contrary to Williams' contention, failure by the foreperson to sign the indictment is a non-jurisdictional error that is foreclosed by Williams' guilty plea. See Frisbie v. United States, 157 U.S. 160, 163-65 (1895);

- 5 -

United States v. Easton, 937 F.2d 160, 161-62 (5th Cir. 1991); United States v. Adu, 82 F.3d 119, 123 (6th Cir. 1996); see also Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Accordingly, this claim is meritless.

Williams' next claim is that his indictment failed to make any reference to 21 U.S.C. § 851 or the increased penalty provisions that resulted from his prior felony convictions. However, failure by the Government to comply with the requirements under § 851 is a non-jurisdictional error; therefore, this claim is barred by the appellate waiver. See United States v. Beasley, __ F.3d __, 2007 WL 2121722 (4th Cir. July 25, 2007) (No. 04-4107).

Finally, Williams contends that his prosecution and conviction under 21 U.S.C. § 841(b)(1)(B)(iii) violated the separation of powers doctrine, as he claims that the federal government lacks "exclusive jurisdiction" in this area and that he could not be charged by the federal government after his state charges had been nolle prosequied. Assuming that Williams' separation of powers claim is a challenge to the jurisdiction of the federal courts, and therefore would not be barred by the appellate waiver, this claim is meritless. See Rinaldi v. United States, 434 U.S. 22, 28 (1977).

Accordingly, we grant the Government's motion to dismiss as to the claims foreclosed by the plea waiver, deny the motion as to Williams' claims that the district court erred in denying his

motion to withdraw his guilty plea, that the district court lacked jurisdiction due to a defect in the indictment, and that his conviction violated the separation of powers doctrine, and we affirm as to those claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>